## PEOPLE'S NAT. BANK OF NOCONA v. JONES et al.

### No. 2469.

Court of Civil Appeals of Texas. El Paso.
Dec. 18, 1930.

Leake, Henry, Wozencraft & Frank, of Dallas, for appellant.

Smithdeal, Shook, Spence & Bowyer, of Dallas, for appellees.

HIGGINS, J.

The International Harvester Company held a chattel mortgage upon a motortruck. The appellant held a second mortgage upon the same chattel. Both mortgages were duly recorded. On October 21, 1927, the mortgagor, Jones, was in default upon his indebtedness to the harvester company and unable to pay same. Upon that date Jones delivered the truck to the harvester company, which canceled and surrendered Jones' note. In so doing, the harvester company relied upon the representation of Jones that there were no other liens upon the truck. At that time appellant's mortgage was of record, but the harvester company had no actual knowledge of such mortgage. The mortgage of the harvester company authorized it to repossess the truck upon default by Jones. The value of the truck is less than the amount of the harvester company's debt and mortgage against such truck.

This suit by appellant, as against the harvester company, is to recover damages as for conversion.

Appellant's contention, in effect, is that, by the cancellation and surrender of Jones' note and repossession of the truck by the harvester company, its mortgage was merged in the title to the truck which it acquired from Jones, and, in thus acquiring the title and holding the truck, the harvester company was guilty of conversion and liable for the value of the truck to the extent of appellant's debt against Jones, which debt is less than the value of the truck.

Under the authority of Silliman v. Gammage, 55 Tex. 365, and other cases in this state, which might be cited, it is clear that, upon the facts stated, equity will not regard the superior mortgage of the harvester company as merged in the title to the truck acquired from Jones, but will keep the mortgage alive and superior, as it originally was, to appellant's mortgage.

The harvester company is thus in the position of a mortgagee in possession surrendered by the mortgagor, and, since the value of the truck is less than its demand against it, there is no equity to satisfy the appellant's junior lien. Simpkins on Equity, p. 382; Harris v. Grant, 96 Ga. 211, 23 S. E. 390; Hall v. Keating Implement Co., 33 Tex. Civ. App. 526, 77 S. W. 1056.

Appellant has not offered to redeem the harvester company's senior mortgage, and the judgment of the court below in denying appellant any recovery against said company is clearly correct upon the record here reflected.

Affirmed.